UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-8458-WM

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

FRANTZ FELISMA,

    Defendant.

_____/

## DEFENDANT FELISMA'S MEMORANDUM IN SUPPORT OF PRETRIAL RELEASE

    COMES NOW, the Defendant, FRANTZ FELISMA, by and through his undersigned counsel, Jason W. Kreiss, Esq., and pursuant to 18 U.S.C. § 3142 (a)(1), hereby files this memorandum in support of pretrial release. Defendant Felisma states the following in support of pretrial release in this case:

    1.    Frantz Felisma was arrested on a complaint alleging violations of 18 U.S.C. § 1028A (Aggravated Identity Theft), 18 U.S.C. § 1029(a)(2) (Access Device Fraud), 18 U.S.C. § 1030(a)(4) (Access of a Protected Computer in Furtherance of a Fraud), and 18 U.S.C. § 1029(B)(2) (Conspiracy to Commit Identity Theft).

    2.    Felisma appeared for his Initial Appearance on December 21, 2016, before United States Magistrate Judge William Matthewman, at which time

the government announced its intention to seek pretrial detention based upon "*risk of flight*".

3. Pursuant to 18 U.S.C. § 3142 (a)(1), upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be (1) released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section; or in the alternative; (2) released on a condition or combination of conditions under subsection (c) of this section.

4. "In our society liberty is the norm, and detention prior to trial is the carefully limited exception." United States v. Salerno, 481 U.S. 739, 755 (1987). Accordingly, the Bail Reform Act of 1984 provides that a defendant must be released on their personal recognizance or an unsecured personal bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required, or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b); accord United States v. Xulam, 84 F.3d 441, 442 (D.C. Cir. 1996)

5. Under circumstances in which a personal recognizance bond is insufficient, the officer must choose "the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." §3142 (c)(1)(B) See, e.g., United States v. Infelise, 934 F.2d 103, 105 (7th Cir. 1991) (holding that under § 3142(e)

defendants on racketeering charges were entitled to further consideration of electronic ankle bracelets, rather than continued detention, as a lesser restrictive condition) (Posner, J.)  In other words, the Court must consider all reasonable less restrictive alternatives to detention. See 3142(e) Moreover, conditions set upon release are intended to be preventative and not punitive in nature.  United States v. Salerno, 481 U.S. 739, 747 (1987) (evaluating the legislative history of § 3142).  In sum, the Bail Reform Act does not modify or limit the presumption of innocence.  See 18 U.S.C. § 3142(j).

6.      Due to the non-violent nature of the charges in this case, and because the offenses charged in the Complaint are not otherwise listed as an offense for which a presumption exists that no reasonable release conditions are available; the statutory presumption in the Bail Reform Act weighs in favor of release.  See 18 U.S.C. § 3142 (e)

### Legal Standard

To support a finding that the defendant should be detained, the government must show: (1) by clear and convincing evidence that no condition or combination of conditions will reasonable assure the safety of the community, § 3142(f); or (2) that no condition or combination or conditions will reasonable assure the appearance of the defendant as required. United States v. Motemedi, 767 F.2d 1403, 1407 (9th Cir. 1985).

Pursuant to 18 U.S.C. § 3142(g), in determining whether conditions exist that will reasonably assure the appearance of the defendant as required, the Court should take into account the following:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug:

(2)  The weight of the evidence against the person;

(3) The history and characteristics of the person, including:

(A) The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) Whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(C) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

**Numerous Factors Weigh in Favor of Pretrial Release**

  A. History and Character of the Defendant

Frantz Felisma has been employed by the Palm Beach Sheriff's Office for the past seven years as a road patrol deputy. Felisma who is 42 years old, attended college at Palm Beach State College in Lake Worth in the late 1990's, graduated from the Police Academy in 2009, and has been continuing his goal of obtaining a Bachelor's Degree in Criminal Justice by taking classes at Barry University. Felisma has also continued his law enforcement training by taking FDLE certification classes in FTU (Field Training Unit), Radar Operation, and Gangs and Security Threats. During his tenure with the Sherriff's Office, Felisma has had an exemplary record, earning *Deputy of the Month* while working in Belleglade in 2011, *Honorable Service Medal 5-Year Award* in August 2014, and in December 2016 he was awarded *Deputy of the Year in District 4 (Delray).* See attached certificates.

Frantz Felisma was born in Haiti and immigrated to the United States in 1995 with his father and brother. With the exception of a 4-month period of time that he lived in Massachusetts, he has resided in the Southern District of Florida. Felisma's father has since passed away and his brother currently resides in his (Felsima's) home in Boyton after sustaining a serious back injury. Felisma was naturalized as a United States Citizen in 2007. Felisma is married to Daphne Felisma, with whom he resides in Boyton Beach, Florida, along with her two children. Ms. Felisma is also a naturalized United States Citizen, as are her two

children.  Ms. Felisma's parents are also United States Citizen's.  Ms. Felisma is a Registered Nurse and is gainfully employed by 2 home healthcare agencies in South Florida. Felisma also has two sisters who reside in the Southern District of Florida, one of whom is a Registered Nurse, and the other a teacher at an adult learning facility.

Frantz Felisma's only criminal history is a Driving While License Suspended case which was essentially a clerical error.

Prior to joining the Sheriff's Office, Felisma was recruited and played goalie for the Haitian National Soccer Team until he was forced to retire due to a sports-related knee injury. Felisma has continued pursuing his passion for soccer by coaching and playing with various rec teams in his community.  As evidenced by the show of support from the community, Frantz Felisma not only excelled in the law enforcement arena, but also gave of his time to friends and neighbors in the community. See attached sample of character letters received by undersigned counsel.

Prior to becoming a Deputy Sheriff, Felisma was employed by various companies in the window treatment industry.  Felisma continued his work in the window treatment industry on a part—time basis even after joining the Sheriff's Office.

B.  The Nature of the Offenses

Although the nature of the alleged offenses is extremely serious, even in a light

most favorable to the government, this was a crime of opportunity that will not occur again. If Frantz Felisma is released on bond, he will not have access to the sources of confidential information that were allegedly utilized in the instant offense. Furthermore, Felisma's personal electronic devices have been seized and he has consented to a search of said items, alleviating the concern that he is still in possession of any personal identification information. If he is released on bond Felisma does not pose a risk of danger to community as this was an economic crime, and the tools utilized to commit the offense will be inaccessible. Additionally, there is no credible evidence that Felisma received any remuneration from the person to whom he allegedly provided the personal identification information.

"The Court must resolve all doubts regarding the propriety of release in the defendant's favor". U.S. v. Sanchez-Martinez, 2013 WL 3662871 (D.Col. 2013).

WHEREFORE, Frantz Felisma respectfully requests that this Honorable Court set a reasonable bond in this matter.

                                    Respectfully Submitted:

By: *Jason W. Kreiss*
     Jason W. Kreiss, Esquire
     Attorney for Defendant Felisma
     FBN: 87912

     The Kreiss Law Firm
     1824 SE 4th Ave
     Fort Lauderdale, Florida 33316
     Tel. 954-525-1971
     Fax 954-525-1978
     jwk@kreisslaw.com