UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-8458-WM

UNITED STATES OF AMERICA,
        Plaintiff,

vs.

FRANTZ FELISMA,
        Defendant.
_____/

## DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on 1/5/2017, a hearing was held to determine whether FRANTZ FELISMA should be detained prior to trial. For the reasons that follow, the Court finds that no condition or combination of conditions will reasonably assure the appearance of Defendant and no condition or combination of conditions will reasonably assure the safety of the community. The Court, pursuant to 18 U.S.C. §3142, hereby **ORDERS** that FRANTZ FELISMA be detained pursuant to the provisions of §3142 Sections (e) and (f).

In accordance with 18 U.S.C. § 3142(I), the Court hereby makes the following findings of fact, and states the following reasons for the detention:
1) The nature of the charge is very serious, in that it involves a law enforcement officer selling his position over an eighteen month period so that an identity thief

could defraud dozens of victims.

2) The weight of the evidence against the defendant is overwhelming, in that the Defendant, when confronted with the Government's compelling case against him, essentially admitted his involvement and provided an incredible explanation that he was actually investigating the identity thief for that eighteen month period in 2013 and 2014, even though he never told anyone at the Palm Beach Sheriff's Office of his investigation.

3) Defendant is facing a substantial sentence of incarceration, estimated to be 7-8 years.

4) the Defendant while in uniform late at night in 2011 drove his patrol car to his brother's best friend's nightclub where he had an altercation with a DJ there wherein the Defendant pointed a gun (according to some of the witnesses, although others, including Defendant and his relatives, said it was a taser) at the DJ. When the DJ threatened to, and did, call 911 the Defendant left and sped away without calling for backup. The cooperating identity thief is extremely concerned for the safety of his family.

5) the Defendant, although a naturalized U.S. citizen, has substantial ties to Haiti, where he was born, he frequently visits, and his mother lives.

6) On 12/24/97 the Defendant had been issued a citation for driving with a

suspended license. Thereafter on 5/28/98 the Defendant was arrested for failure to appear, and on 6/10/98 he was re-arrested for failure to appear. On 7/8/98 he was adjudicated guilty.

In light of the foregoing, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of FRANTZ FELISMA  as required at future proceedings, and by clear and convincing evidence that there is a serious risk that the Defendant will obstruct justice and that no combination of conditions will reasonably assure the safety of the community.  Accordingly, this Court **ORDERS** that FRANTZ FELISMA  be detained on the bases of risk of flight and danger to the community.

The Court hereby directs that:

A.  the defendant shall be committed to the custody of the Attorney General for confinement separate, to the extent possible, from persons serving sentences or awaiting to serve, or in custody pending appeal;

B.  the defendant shall be afforded reasonable opportunity for private consult with counsel; and,

C.  On order of the court or on request from a Government attorney, the person in charge of the correctional facility in which the defendant is being confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED this 6 day of January, 2017, at West Palm Beach, Florida.

*James M. Hopkins*

**James M. Hopkins,
United States Magistrate Judge**

Counsel of record